UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL ROBINSON, )<br>)<br>Plaintiff, )<br>)<br>VS. )<br>)<br>CATCO CATALYTIC HEATER )<br>COMPANY, )<br>)<br>Defendant. ) | CIVIL ACTION NO.<br><br>3:21-CV-1782-G |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion for summary judgment filed by the defendant CATCO Catalytic Heater Company ("CATCO"). For the following reasons, the motion is GRANTED.

## I. BACKGROUND

This suit alleges age discrimination under the Age Discrimination in Employment Act ("ADEA"). CATCO hired the plaintiff, Michael Robinson ("Robinson"), in 1995 to assemble catalytic heaters. Defendant's Appendix to its Brief Support of Motion for Summary Judgment ("Appendix to Motion") (docket

entry 15-2) at 8.[1]  CATCO was a "small, family-owned business that created products used in the oil and gas industry."  Defendant's Motion for Summary Judgment (docket entry 15) at 1.  Robinson worked for CATCO as an operations manager until 2020 when CATCO terminated his employment.  Plaintiff's Original Complaint ("Complaint") (docket entry 1) ¶¶ 6, 9-10.  Robinson was approximately 62 years old when CATCO terminated his employment.  See i*d.* ¶ 5.

In March 2020, the COVID-19 pandemic began, and although CATCO originally designated Robinson as an essential worker, CATCO terminated Robinson's employment in May 2020.  *Id.* ¶¶ 9-10.  CATCO experienced a downturn in business due to the 2020 oil price war and, as a result, terminated five employees in 2020, including Robinson.  Appendix to Motion at 207, 269.  CATCO ceased operations in September 2020, and a new entity, Catco USA, took over the business and hired the remaining CATCO employees.  *Id.* at 198, 200.

In January 2021, Robinson filed a charge of discrimination with the Texas Workforce Commission, *id.* at 4, and filed this lawsuit in July 2021, claiming that CATCO illegally discriminated against him on the basis of age.  Complaint ¶¶ 12-16.  Initially, Robinson alleged both claims under the ADEA and the Texas Labor Code.  *Id.* at 3.  Later, the parties stipulated to dismiss the state law claim.  Plaintiff and

---

[1]  Page references are to the ECF page numbers at the top of the page.

Defendant's Joint Stipulation of Partial Dismissal with Prejudice (docket entry 12). Only Robinson's ADEA claim remains before the court.

Now, CATCO moves for summary judgment on the ADEA claim on the following grounds: CATCO is not an employer subject to the ADEA; Robinson cannot establish a *prima facie* discrimination claim; CATCO terminated Robinson for a legitimate, non-discriminatory reason; and CATCO's reasons for terminating Robinson were not pretextual. Defendant's Brief in Support of its Motion for Summary Judgment ("Motion") (docket entry 15-1) at 5.

## II. ANALYSIS

### A. Objection to Summary Judgment Evidence

In response to CATCO's motion, Robinson submitted an affidavit[2] with his response brief, and CATCO argues that the affidavit is a sham and should not be considered on this motion for summary judgment. Defendant's Reply to the Plaintiff's Response to its Motion for Summary Judgment ("Reply") (docket entry 18) at 6-7. In relevant part, Robinson's affidavit states that he recalls three additional employees who worked at CATCO, including "Virginia Garcia, Ben (Last

---

[2] The terms "affidavit" and "declaration" are used interchangeably in this opinion. An affidavit is a "voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths." BLACK'S LAW DICTIONARY (7th ed.) at 58. A declaration is a "formal, written statement – resembling an affidavit but not notarized or sworn to – that attests, under penalty of perjury, to facts known by the declarant." *Id.* at 415. *See* 28 U.S.C. § 1746 (Unsworn declarations under penalty of perjury).

Name Unknown), and a third female whose name [he] no longer recall[s]." Appendix in Support of Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment ("Appendix to Response") (docket entry 17) at 3. Robinson argues that because he remembers there were three more employees, there is a genuine issue of material fact concerning how many employees CATCO employed in 2019 and 2020, which would determine whether CATCO is an employer subject to the ADEA. Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment ("Response") (docket entry 16) at 5.

CATCO objects to the affidavit because it contradicts Robinson's deposition testimony. Reply at 6-7. In his deposition, defense counsel asked Robinson how many CATCO employees there were in 2019, and he testified that he did not know. Appendix to Motion at 43. He was also asked to name the CATCO employees employed in 2020, and Robinson did not list any of the individuals he later refers to in the affidavit. *Id.* at 42-43.

The sham affidavit doctrine prevents parties from being able to "defeat a motion for summary judgment using an affidavit that impeaches, without explanation, sworn testimony." *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 495 (5th Cir. 1996) (citing *Thurman v. Sears, Roebuck & Co.*, 952 F.2d 128, 137 n.23 (5th Cir.), *cert. denied*, 506 U.S. 845 (1992); and *Albertson v. T.J. Stevenson & Co.*, 749 F.2d

223, 228 (5th Cir. 1984)).³ But when an affidavit "merely supplements rather than contradicts prior deposition testimony, the court may consider the affidavit when evaluating genuine issues in a motion for summary judgment." *S.W.S. Erectors*, 72 F.3d at 496. In the Fifth Circuit, a later affidavit is supplementary when the prior deposition does not thoroughly review the disputed issue. See *Clark v. Resistoflex Company, A Divsion of Unidynamics Corp.*, 854 F.2d 762, 766 (5th Cir. 1988) (holding the affidavit was not a sham because the deponent "was not asked to exhaust his recollection" and "had no occasion to reveal" information included in his affidavit, which supplemented, rather than contradicted, his earlier testimony). The court's role is to determine whether the later affidavit is "so markedly inconsistent with the affiant's prior deposition as to constitute an obvious sham." *Id.* The sham affidavit doctrine does not apply when inconsistencies between an affidavit and other testimony "can be reconciled such that the statements are not inherently inconsistent." *Seigler v. Wal-Mart Stores Texas, L.L.C.*, 30 F.4th 472, 477 (5th Cir. 2022) (citing *Winzer v. Kaufman County.*, 916 F.3d 464, 472-73 (5th Cir. 2019), *cert. denied*, – U.S. – , 141 S. Ct. 85 (2020)).

---

    ³    If "'a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the the utility of summary judgment as a procedure for screening out sham issues of fact.'" *Doe ex rel. Doe v. Dallas Independent School District*, 220 F.3d 380, 386 (5th Cir. 2000) (quoting *Perma Research and Development Company v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)), *cert. denied*, 531 U.S. 1073 (2001).

At Robinson's deposition, he was shown the charge of discrimination he had filed with the Texas Workforce Commission against CATCO. Appendix to Motion at 40-41 [144:20-145:17]. The charge listed the number of CATCO employees to be 15. *Id.* at 4. In response, Robinson testified to the following:

> **Q**. Do you recall whether Catco had 15 employees in 2018?
>
> **A.    I don't recall exactly in 2018.**
>
> Q.    Do you know how many employees Catco had in 2018?
>
> **A.    No.  As far as exactly, no.**
>
> **Q**.    And do you know how many employees Catco had in 2019?
>
> **A.    2019, 20, maybe.**
>
> **Q**.    Are you sure about that, or is that a guess?
>
> **A.    I'm not sure.**
>
> **Q**.    Okay.
>
> **A.    I think when I left, they had 20.**
>
> **Q**.    Okay.  Is that a guess, or are you sure about that?
>
> **A.    I believe if you counted outside sales and everyone else in there, they had like 20.**

*Id.* at 42 [149:20-150:11]. The defense counsel then asked Robinson to list all

CATCO employees in 2020, the year Robinson was terminated. *Id.* at 42 [150:12-151:19]. When Robinson failed to list all the employees, defense counsel read of a list of names and asked Robinson if they were employed by CATCO in 2020. *Id.* at 42-43 [151:19-153:11]. Robinson testified that the 18 names listed by the defense counsel were employed in 2020, including himself. *Id.* After going through this list, defense counsel asked Robinson: "Is there anybody else who was employed in 2020 that I did not mention?" *Id.* at 43 [153:12]. Robinson answered that two other people were employed, Hal Richards and Kelly Boatman.[4] *Id.* at 43 [153:14-153:17].

In contrast, Robinson later avers that "[i]n addition to the employees listed on Exhibit 2 to Travis Richards' deposition, I recall three additional employees who worked as shop employees: Virginia Garcia, Ben (Last Name Unknown), and a third female whose name I no longer recall." Appendix to Response at 5 ¶ 8.

In light of the thorough questioning about the number of employees in 2020, cf. *Clark,* 854 F.2d at 766, Robinson's affidavit conflicts with his testimony regarding the number of CATCO employees in 2020. Robinson does not mention anyone named Virginia or Ben in his deposition, *see* Appendix to Motion at 56-76 (index of Robinson's deposition), and when he was asked who else was employed in 2020, he

---

[4] According to CATCO, none of these individuals was employed in 2020. Hal Richards ceased his employment in 2018. Appendix to Motion at 199 ¶ 6. Kelly Boatman was employed by CATCO from 2009 to 2014, but she did serve as the secretary of CATCO's board. *Id.* at 200 ¶ 9. This is not relevant for sham affidavit purposes but shows the exhaustive nature of this line of inquiry.

did not mention Virginia or Ben. *Id.* at 43 [153:14-153:17]. Nor did Robinson testify that he could not remember other employees' names that could match "female whose name [he] could no longer recall". Appendix to Motion at 43 [153:14-153:17].

Robinson's affidavit does not merely supplement his recollection; it also provides additional facts on an issue central to an element of his claim, which defeats the purpose of summary judgment. See, *e.g.*, *Free v. Wal-Mart Louisiana, L.L.C.*, 815 F. App'x 765, 766-67 (5th Cir. 2020) (per curiam*)*. In *Free*, the Fifth Circuit held that the district court correctly struck an affidavit offered by the plaintiff in response to the defendant's summary judgment motion. *Id.* at 767. The plaintiff averred that after her accident, the store manager said Wal-Mart "should have caught" any falling merchandise hazard. *Id.* at 766. But in her deposition, the plaintiff did not mention this alleged statement even though she "was thoroughly questioned about the incident." *Id.* The circuit court held that the plaintiff did not supplement her testimony because she "changed her recollection . . . on an issue that is central to an element of her claim." *Id.* at 766-67. In doing so, the plaintiff "left [the defendant] unable to develop facts that might rebut her changed testimony." *Id.* at 767.

Similarly, Robinson was thoroughly questioned about who worked at CATCO in 2020 and only introduced evidence of "Virginia Garcia, Ben (Last Name Unknown), and a third female" after CATCO's motion for summary judgment. The

number of employees is a threshold issue for ADEA claims because without more than 20 employees, CATCO is not subject to the ADEA and Robinson would have no claim.  By adding three previously unidentified employees, CATCO would be subject to the ADEA, and Robinson introduces evidence of these three individuals without explaining why he failed to identify them in his deposition.  See *S.W.S. Erectors*, 72 F.3 at 496 (holding that a deponent cannot impeach his own testimony without explanation).  Thus, Robinson's affidavit will not be considered for CATCO's motion for summary judgment on whether CATCO was an employer under the ADEA in 2020.

Although Robinson's affidavit is irreconcilable with his testimony regarding the number of employees in *2020*, the court's inquiry does not stop here.  As discussed below, business entities that employ 20 or more employees in the current or preceding calendar year are subject to the ADEA.  *See* 29 U.S.C. § 630(b).  Because Robinson was allegedly discriminated against in 2020, the court must also address whether Robinson's affidavit is irreconcilable with his deposition testimony about the number of CATCO employees in 2019.  Unlike the extensive inquiry into Robinson's recollection of those employed in 2020, CATCO's counsel only asks Robinson the following about employees in 2019:

> **Q.**   And do you know how many employees Catco had in 2019.
>
> **A.**   **2019, 20, maybe.**

> **Q.** Are you sure about that, or is that a guess?
>
> **A.** I'm not sure.

Appendix to Motion at 42 [150:1-150:5]. Robinson states he is "not sure" whether there were 20 employees in 2019, and therefore, his affidavit could supplement his recollection with three additional people he claims were employed by CATCO.

For these reasons, the court will consider Robinson's affidavit for the summary judgment motion for the limited purpose of determining how many people CATCO employed in 2019.

### B. Summary Judgment

#### 1. *Standard*

Summary judgment is proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact, and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movant makes such a showing by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. See *Celotex Corporation v. Catrett*, 477 U.S. 317, 323 (1986).

Once the movant makes this showing, the nonmovant must then direct the court's attention to evidence in the record sufficient to establish that there is a

genuine issue of material fact for trial. *Id.* at 323-24. To carry this burden, the opponent must do more than simply show "some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Company, Ltd. v. Zenith Radio Corporation*, 475 U.S. 574, 586 (1986). Instead, he must show that the evidence is sufficient to support a resolution of the factual issue in his favor. *Anderson*, 477 U.S. at 249. All of the evidence must be viewed, however, in a light most favorable to the motion's opponent. *Id.* at 255 (citing *Adickes v. S.H. Kress & Company*, 398 U.S. 144, 158-59 (1970)).

The court cannot, however, in the absence of proof "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corporation*, 37 F.3d 1069, 1075 (5th Cir. 1994) (per curiam) (citing *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888 (1990) ("It will not do to 'presume' the missing facts because without them the affidavits would not establish the injury that they generally allege.")). Further, when conflicting evidence is presented, the court is not permitted to make credibility determinations regarding the evidence. *See Lindsey v. Prive Corporation*, 987 F.2d 324, 327 (5th Cir. 1993).

### 2. Application

Under the ADEA, an employer cannot "discharge any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1). The ADEA defines employer to be an entity "who has twenty or more employees for each working day in each of twenty or

more calendar weeks in the current or preceding calendar year." *Id.* § 630(b). If an entity is not an employer under the ADEA, then it is not subject to the ADEA prohibitions against age discrimination in employment. *Coleman v. New Orleans & Baton Rouge Steamship Pilots' Association*, 437 F.3d 471, 478-82 (5th Cir.), *cert. denied,* 548 U.S. 905 (2006). The burden is on the plaintiff to establish that the defendant entity is an employer under the statute. *Grimsley v. Methodist Richardson Medical Center Foundation, Inc.*, No. 3:09-CV-2011-D, 2011 WL 825749, at *3 (N.D. Tex. Mar. 3, 2011) (Fitzwater, Chief J.).

CATCO contends it is not an employer subject to the ADEA because it never had 20 or more employees in 2019 or 2020. Motion at 5. To support this contention, CATCO points to its CEO Travis Richards's ("Richards") declaration, which includes charts of the number employees by month for 2019 and 2020. Appendix to Motion at 198-200 ¶¶ 4, 7-8. Attached to Richards's declaration is the payroll of CATCO employees for January 2019 through April 2020. *Id.* at 219-239. The charts and payroll show that there are at most 18 CATCO employees during this time period, and, thus, CATCO falls below the ADEA employee threshold. Therefore, CATCO meets its initial summary judgment burden because it has shown that there is no genuine issue of material fact of whether CATCO is an employer under the ADEA. The burden then shifts to Robinson to point to evidence that sufficiently raises a genuine issue of material fact. See *Celotex Corporation*, 477 U.S. at

323-24.

 Robinson argues that his declaration raises a genuine issue of whether there were 20 or more employees at CATCO in 2019. Response at 5. In his declaration, Robinson avers he "recalls three additional employees[.]" Appendix to Response at 5 ¶ 8. Robinson also contends the evidence CATCO submitted for summary judgment is not reliable because some of the exhibits, including organizational charts and payroll, conflict with Richards's deposition testimony. Response at 5.

 As discussed above, the court will not consider Robinson's declaration to raise a genuine issue of material fact regarding the number of employees CATCO had in 2020.[5] Additionally, Robinson's declaration fails to meet its summary judgment burden with regards to the number of employees in 2019.

 To support his contention that CATCO employed more than 20 people, Robinson avers that he "recalls three additional employees who worked as shop

---

[5] Moreover, even if the court did consider the affidavit for this purpose, it would not change the result. According to CATCO's payroll in 2020, Appendix to Motion at 219-237, and its summary chart, *id.* at 218, CATCO employed 18 people until the first week of April 2020. April 3, 2020, was the last paycheck for Brian Goss and Crystal Haddock, and there were no new employees, meaning there were only 16 employees working for CATCO as of April 2020. *See id.* at 219-237. After April 2020, CATCO did not employ more than 16 people until it ceased operations permanently in September 2020. *Id.* at 198 ¶¶ 2, 4-5. Assuming all three of the employees at issue worked during this January to April period, there would have been more than 20 employees for only 13 weeks in the calendar year of 2020. This falls short of the ADEA's definition of employer, requiring 20 or more employees for 20 weeks in a calendar year. *See* 29 U.S.C. § 630(b).

employees[.]"  Appendix to Response at 5 ¶ 8.  Robinson does not provide any dates of their employment except that they were employees "[i]n addition to the employees listed on Exhibit 2 to Travis Richards' deposition[.]"  *Id.*  Exhibit 2 is a set of three graphic organizational charts.  *Id.* at 54-57.  Robinson's declaration does not specify which organizational chart in Exhibit 2 he is referring to.  Each of these charts, according to Richards's deposition, represents CATCO's organization at different periods of time.  *See id.* at 15-17 [23:1-29:8].  Robinson's declaration does not aver when the three additional employees worked at CATCO, and only in his Response does Robinson contend that the three individuals "worked for Defendant during at least some portions of 2019 and 2020."  Response at 5.

When the three individuals were employed by CATCO is material to determine whether CATCO is an employer subject to the ADEA.  In 2019, CATCO employed less than 17 employees from January through June.  Appendix to Motion at 198-199. If all three individuals were employed at the same time CATCO would have, at most, 19 employees until June 2019.  *Id.*  In July 2019, CATCO hired another employee, bringing the total to 17.  *Id.*  The three additional employees would only be material only if all three were employed when CATCO had at least 17 other employees – July 2019 through December 2019.[6]  But Robinson's declaration is

---

[6]     July 1, 2019, through December 31, 2019, includes 26 weeks, which would satisfy the ADEA's 20-week requirement.  *See* 29 U.S.C. § 630(b).

silent on when the employees worked at CATCO. Instead, his response brief offers a conclusory statement that the three employees "worked for Defendant during at least some portions of 2019 and 2020." Response at 5.

The court cannot assume that Robinson could or would prove that the three individuals were employed during July 2019 through December 2019. See *Little*, 37 F.3d at 1075. Instead of "citing to particular parts of materials in the record," FED. R. CIV. P. 56(c)(1), to raise a genuine issue of material fact, Robinson's declaration and response at most attacks the credibility of CATCO's summary judgment evidence. In doing so, Robinson fails to raise a genuine issue of material fact on whether CATCO is an employer as defined in the ADEA. Accordingly, CATCO is entitled to summary judgment on Robinson's ADEA claim.

### III.  CONCLUSION

For the reasons stated above, CATCO's motion for summary judgment is GRANTED. Judgment will be entered that Robinson take nothing from CATCO on his claim in this case.

**SO ORDERED**.

October 13, 2022.

_____
**A. JOE FISH**
**Senior United States District Judge**